**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LYNN M. DAVIS,

              Appellant,

        v.

SOCIAL SECURITY
   ADMINISTRATION,

              Agency.

DOCKET NUMBER
SF-0432-12-0763-I-1

DATE: September 29, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Keith Goffney, Esquire, Los Angeles, California, for the appellant.

Carolyn Beth Chen, San Francisco, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 Effective August 10, 2012, the agency removed the appellant based on alleged unacceptable performance in her position as a Legal Assistant, Case Technician. Initial Appeal File (IAF), Tab 5, Subtab 4a at 3. On September 6, 2012, the appellant filed a Board appeal alleging, among other things, that the agency's allegations regarding her performance were false and that the agency removed her in reprisal for her prior equal employment opportunity activity. IAF, Tab 1 at 1, 3.

¶3 On August 19, 2013, the administrative judge issued an initial decision affirming the agency's removal action. IAF, Tab 49, Initial Decision (ID). He found that the agency met its burden of showing that the appellant's performance was unacceptable and that the appellant failed to meet her burden of proof on her affirmative defense of retaliation. ID at 12-27, 28-30. The administrative judge noted that the initial decision would become final unless a petition for review was filed by September 23, 2013. ID at 30.

¶4 On September 23, 2013, the appellant filed a motion for an extension of time to file her petition for review. Petition for Review File (PFR File), Tab 1. The Office of the Clerk of the Board granted the appellant's request and provided the appellant until October 23, 2013, to file her petition for review. PFR File, Tab 2. On October 23, 2013, the appellant filed an additional request for an extension of time to file her petition for review, PFR File, Tab 3, which the Clerk granted until November 27, 2013, PFR File, Tab 4. On November 27, 2013, the appellant filed a third motion for an extension of time, PFR File, Tab 5, which the Clerk granted until December 27, 2013, PFR File, Tab 6. On December 27, 2013, the appellant requested a fourth extension of time to file her petition for review. PFR File, Tab 7. The Clerk granted the appellant's request until January 27, 2014, and advised the appellant's representative, who had filed each of the previous requests and also represented the appellant below, that the Board would not grant any further extensions in the matter. PFR File, Tab 8; IAF, Tab 1 at 7.

¶5        On January 28, 2014, 1 day after the deadline established by the Clerk, the appellant filed a petition for review via U.S. mail.  PFR File, Tab 9.  Because the petition for review was more than 30 pages long, the Clerk rejected the pleading and, by notice dated February 4, 2014, provided the appellant an opportunity to perfect her pleading by February 24, 2014.  *Id.*  The Clerk additionally informed the appellant that the Board may dismiss her petition for review as untimely filed unless she submitted a motion showing that her petition for review was timely filed or that good cause existed for the filing delay.  *Id.*  The Clerk enclosed with the notice a "Motion to Accept Filing as Timely and/or to Ask the Board to Waive or Set Aside the Time Limit."  *Id.*  The Clerk's notice afforded the appellant until February 24, 2014, to file that motion.  *Id.*

¶6        On February 24, 2014, the appellant filed a perfected petition for review.  PFR File, Tab 10.  On February 25, 2014, 1 day after the deadline established by the Clerk, the appellant filed a motion to accept the petition for review as timely filed.  PFR File, Tab 12 (see postmarked envelope at back of tab).  In the motion, the appellant's representative claims that his local post office closed unexpectedly early on January 27, 2014, the due date for the petition for review, which prompted him to use Federal Express instead to mail the pleading.  *Id.* at 1.  He attaches a Federal Express order form dated January 27, 2014.  *Id.* at 5.  He does not attempt to explain the untimely filing of the motion itself.

¶7        On March 17, 2014, the agency filed a request for an extension of time to file its response to the appellant's petition for review, which the Clerk granted until April 21, 2014.  PFR File, Tabs 14-16.  On April 21, 2014, the agency timely filed its response.  PFR File, Tab 17.  After the deadline to file a reply, the appellant requested an extension of time to file her reply to the agency's response, PFR File, Tab 21, which the Clerk denied, PFR File, Tab 22.  Despite the denial, the appellant filed a reply to the agency's response, which we have not considered.  PFR File, Tab 23.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8        Upon receipt of the appellant's fourth request for an extension of time, the Clerk granted the appellant until January 27, 2014, to file her petition for review. PFR File, Tabs 7-8. The appellant did not file her petition for review, however, until January 28, 2014. PFR File, Tab 9; *see* 5 C.F.R. § 1201.4(l) (when a document is filed with the Board by mail, the postmark date is the filing date). In an untimely-filed motion, the appellant asks that the Board accept her petition for review as timely filed. PFR File, Tab 12. The appellant's representative claims in a sworn statement that, because his local post office closed unexpectedly early on the day the filing was due, he deposited the package for delivery with Federal Express instead. *Id.* at 3.

¶9        Even if we were to consider the appellant's late-filed motion, the appellant has failed to meet her burden of showing that her petition for review was timely filed. 5 C.F.R. § 1201.56(a)(2)(ii). Although the appellant attaches a Federal Express order form dated January 27, 2014, there is no indication on the form that the order was processed for delivery by Federal Express either that day or any day. PFR File, Tab 12 at 5. In addition, the appellant has not attached a receipt, a tracking report, or any other form from Federal Express to show that the appellant indeed deposited her petition for review with Federal Express for delivery before the filing deadline. Finally, and significantly, nothing contained in the appellant's submission adequately explains the reason her petition for review had a January 28, 2014 postmark from the U.S. Postal Service if she submitted the petition for review for delivery to the Board to Federal Express on January 27, 2014. *Id.* at 1, 3.

¶10        Statements made under the penalty of perjury are entitled to little weight if they are inherently incredible or if they are disputed or rebutted by other evidence. *See Price v. U.S. Postal Service*, 98 M.S.P.R. 25, ¶ 9 (2004), *aff'd*, 137 F. App'x 335 (Fed. Cir. 2005). Here, considering the evidence presently before us, the appellant's representative's assertion that he mailed the petition for

review via Federal Express on January 27, 2014, simply is not credible. Accordingly, we find that the appellant has failed to establish that she filed a timely petition for review. *Cf. Raphel v. Department of the Army*, 50 M.S.P.R. 614, 618 (1991) (a party may establish that his pleading was timely filed by presenting credible, unrebutted evidence in the form of an affidavit or sworn statement that, despite the postmark date, the pleading was actually placed in the U.S. Postal Service mail stream before the filing deadline).

¶11        The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.113(d), 1201.114(f).   The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 4 (2014). To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of the excuse, and the party's showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62–63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶12        Here, the appellant alleges that the local post office closed unexpectedly early on January 27, 2014.  PFR File, Tab 12 at 1, 3.  However, when an appellant delays the filing of her petition for review until the eleventh hour, the appellant bears the risk that unforeseen circumstances could prevent the timely filing of her petition. *Baker v. Department of Justice*, 41 M.S.P.R. 25, 27 (1989).  Also, given that she filed an untimely petition for review after receiving numerous extensions of time to do so, and that she filed an untimely motion to accept her petition for review as timely filed, we find that the appellant has not demonstrated that she

exercised due diligence or ordinary prudence in the matter. *See Palermo*, 120 M.S.P.R. 694, ¶¶ 6-9. Further, although the appellant's 1-day filing delay was minimal, *see Coleman v. Department of the Treasury*, 88 M.S.P.R. 266, ¶ 8 (2001), she must nevertheless show good cause for the delay in order for the Board to waive the filing deadline, *see Beckley v. U.S. Postal Service*, 43 M.S.P.R. 397, 399 (1990). Based on the foregoing, we find that the appellant has not shown good cause for the filing delay.

¶13     Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the removal appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

<u>Discrimination Claims:  Administrative Review</u>

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                     _____
                                   William D. Spencer
                                   Clerk of the Board

Washington, D.C.